John Habashy, Esq. (SBN 236708)
LEXICON LAW PC
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Phone: (877) 529-5090
Fax: (888) 373-2107
john@lexiconlaw.com

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Kelsey L. Kuberka (SBN 321619)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
kkuberka@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DOAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.; and DOES 1-10, inclusive,<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br>**[CLASS ACTION]**<br><br>**JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA").

## II.   PARTIES

2. Plaintiff Daniel Doak ("Plaintiff") is a natural person residing in Santa Clara County in the state of California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a and the CCRA, Civil Code §1785.3(b).

3. At all relevant times herein, Defendant CAPITAL ONE, N.A. ("CAPITAL ONE") regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA. At all relevant times, CAPITAL ONE was a "person" as that term is defined by the FCRA, 15 U.S.C. §1681a(b).

4. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by the FCRA, 15 U.S.C. §1681a(d) and the CCRA, Civil Code §1785.3(c).

5. The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III.   JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

9. Because Defendant CAPITAL ONE is a corporation within the State of California and conduct business in California, personal jurisdiction is established over each and every Defendant.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants have multiple locations and conducts a substantial amount of business within the Northern District of California.

11. <u>Intradistrict Assignment:</u> This action arises within Santa Clara County, pursuant to Civil L.R. 3-2(c).

### IV.   FACTUAL ALLEGATIONS

12. On or about November 8, 2016, Plaintiff filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code in case number 16-53185 ("Bankruptcy Case") in the United States Bankruptcy of the Northern District of California, San Jose Division ("Bankruptcy Court").

13. Prior to Plaintiff's Bankruptcy Case, Defendant CAPITAL ONE attempted to collect on a consumer debt Plaintiff allegedly owed, identified as Account Number xxxxxxxxxxxx1475 ("Debt"). Plaintiff's Debt was discharged in Plaintiff's Bankruptcy Case.

14. On November 29, 2016, following notice of Plaintiff's November 8, 2016 petition before Bankruptcy Court, CAPITAL ONE accessed Plaintiff's consumer credit report through EQUIFAX by misrepresenting the status of the

subject Debt to EQUIFAX in order to gain access to Plaintiff's confidential personal information.

15.   On December 9, 2016, CAPITAL ONE again accessed Plaintiff's consumer credit report through TRANS UNION by misrepresenting the status of the subject Debt to TRANS UNION in order to gain access to Plaintiff's confidential personal information.

16.   In order to gain access to Plaintiff's EQUIFAX and TRANS UNION credit reports and confidential information therein, CAPITAL ONE reported false information to EQUIFAX and TRANS UNION that its purpose for accessing Plaintiff's credit report was ostensibly for "an account review or other business transaction;" yet, at all relevant times, there was no legitimate reason for CAPITAL ONE to access or review Plaintiff's credit report from any of the CRAs. In actuality, CAPITAL ONE was trying to gain confidential information about Plaintiff in furtherance of its collection efforts on the subject Debt. If it denies this was its purpose, then CAPITAL ONE was trying to gain access to Plaintiff's personal and financial information which is protected by law.

## V.   CLASS ACTION ALLEGATIONS

17.   Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

18.   Plaintiff represents, and is a member of the Class, consisting of:
> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant within the four-year period prior to the filing of Plaintiff's Complaint.

19.   Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be

certified as a Class action to assist in the expeditious litigation of this matter.

20. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

21. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

22. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries without the consent of members of the Class;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

    c. Whether Plaintiff and the Class members suffered actual damages as a result of Defendant's conduct;

    d. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

  e. Whether Plaintiff and the Class members are entitled to injunctive relief;

  f. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

  g. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

  h. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

24. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

25. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

26. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

27. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present

significantly fewer difficulties than those presented in many class claims.

28. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## COUNT I: VIOLATIONS OF 15 U.S.C. §1681 ET SEQ
## (FAIR CREDIT REPORTING ACT)
### AGAINST DEFENDANT CAPITAL ONE

29. Plaintiff reincorporates by reference all of the preceding paragraphs.

30. The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:

> (f) Certain use or obtaining of information prohibited. – A person shall not use or obtain a consumer report for any purpose unless –
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

See 15 U.S.C. § 1681b (f).

31. Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained:

> (a) In General. – *** [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other: ***
>
> (3) To a person which it has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; ***
>
> (F) otherwise has a legitimate business need for the information
>
> ***

(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

See 15 U.S.C. § 1681b (a)(3).

32. CAPITAL ONE misrepresented to EQUIFAX and TRANS UNION that its requests to access Plaintiff's credit reports were so it could monitor, review or insure its account or to complete a credit application.

33. When requesting and obtaining access to Plaintiff's credit information from EQUIFAX and TRANS UNION, as described hereinabove, CAPITAL ONE had actual knowledge it did not have a permissible purpose to obtain such access to his consumer credit reports from any of the CRAs.

34. When CAPITAL ONE accessed Plaintiff's EQUIFAX and TRANS UNION consumer credit reports post-discharge, it had actual knowledge that Plaintiff had not requested credit from it or initiated a credit transaction with it at any time since filing his Bankruptcy Case. Thus, CAPITAL ONE had actual knowledge it did not have a permissible purpose to access Plaintiff's credit reports and confidential information therein as it did at the times of issue.

35. CAPITAL ONE had actual knowledge Plaintiff did not authorize access and reviews of his consumer reports by CAPITAL ONE, as there was no debtor-creditor relationship between the parties and CAPITAL ONE acquired the rights to service the Account post-discharge. Accordingly, CAPITAL ONE had actual knowledge it did not have a permissible purpose to access Plaintiff's credit reports and information therein when it accessed Plaintiff's credit report at issue.

36. For CAPITAL ONE to request and obtain Plaintiff's private personal and financial information, in the face of actual knowledge it had no permissible purpose to do so, constitutes its knowing and willful violations of the FCRA.

37. After a reasonable time to conduct discovery, Plaintiff believes he can prove CAPITAL ONE used false pretenses, namely the representation it intended to use Plaintiff's consumer report for a permissible account review or

collection purpose, when it had no such permissible purpose(s), in order to obtain Plaintiff's private personal and financial information for the illegal purpose of attempting to collect on the subject Debt.

38. After a reasonable time to conduct discovery, Plaintiff believes he can prove, CAPITAL ONE is unwilling or unable to prevent its system(s) or agents from requesting and obtaining Plaintiff's consumer report without a permissible purpose, thereby subjecting Plaintiff to having his private, personal and financial information disclosed without his consent, authorization or other legal justification.

39. As a direct and proximate result of CAPITAL ONE's conduct, as outlined above, Plaintiff has suffered, and will continue to suffer, substantial injury, including, but not limited to, mental anguish and emotional distress, entitling him to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

40. The injuries suffered by Plaintiff as a result of CAPITAL ONE's impermissible account reviews and credit pulls was attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to punitive damages pursuant 15 U.S.C. § 1681n(a)(2).

41. Since CAPITAL ONE's illegal credit pulls will have a continuing adverse impact on Plaintiff and the violations are ongoing in nature, CAPITAL ONE is liable for any and all future harm suffered by Plaintiff as a result of its conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against CAPITAL ONE for the following:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms

representing Plaintiff as counsel for the Class;
- An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of any such amount as the court may allow for all other class members, against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and,
- Any other relief the Court may deem just and proper.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 21th day of November, 2018

By:      /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorneys for Plaintiffs