UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL DOAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A., and DOES 1-10 inclusive<br><br>Defendant. | Case No. 5:18-cv-07102-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 14 |

Plaintiff Daniel Doak filed this lawsuit on behalf of himself and a putative class against Defendant Capital One Bank (USA) N.A.[1] for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Compl. ¶¶ 1, 2, 17. Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2). *Id.* ¶ 41. Capital One moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss at 1. For the reasons below, Defendant's motion is GRANTED.

I. **BACKGROUND**

On November 8, 2016, Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court of the Northern District of California

---

[1] Capital One Bank (USA) N.A. was "erroneously sued as Capital One, N.A." Def.'s Mot. to Dismiss at 1 n.1.

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
1

("Bankruptcy Court"). *See* Def.'s Request for Judicial Notice ("RJN") (Dkt. No. 14-2), Ex. A[2]; *see also* Compl. ¶ 12. When Plaintiff filed his Bankruptcy Petition, he had a consumer debt with Capital One. Compl. ¶ 13. Capital One allegedly received notice of Plaintiff's Bankruptcy Petition that month. *Id.* ¶ 14.

On November 29, 2016, Capital One accessed Plaintiff's consumer credit report through Equifax, a credit reporting agency ("CRA"). *Id.* On December 9, 2016, Capital One accessed Plaintiff's credit report for a second time through Trans Union, another CRA. *Id.* ¶ 15. On both occasions, Capital One allegedly "used false pretenses, namely the representation it intended to use Plaintiff's consumer report for a permissible account review or collection purpose, when it had no such permissible purpose(s), in order to obtain Plaintiff's private personal and financial information for the illegal purpose of attempting to collect on the subject Debt." *Id.* ¶ 37. Plaintiff claims that Capital One committed "knowing and willful violations of the FCRA" by accessing Plaintiff's consumer credit report with "actual knowledge" that it lacked a permissible purpose. *Id.* ¶¶ 34-36.

Plaintiff alleges that Capital One conducted these two credit checks after the Bankruptcy Court entered its Bankruptcy Discharge. *Id.* ¶¶ 34-35. Capital One, however, accessed Plaintiff's consumer credit report before the Bankruptcy Court entered its Bankruptcy Discharge. *See* RJN, Ex. B. Plaintiff corrected this error in his Opposition to Capital One's Motion to Dismiss, stating that "although the discharge was granted, at the time of the credit pull, the discharge had not yet been granted and any reference to these credit pulls being post-discharge was in error." Pl.'s Opp'n at 6-7 n.7. The court appreciates Plaintiff's candor informing the court of the erroneous

---

[2] The court GRANTS Defendant's Request for Judicial Notice (Dkt. No. 14-2). Plaintiff's Voluntary Petition for Individuals Filing for Bankruptcy ("Bankruptcy Petition") (Ex. A) and the Discharge of Debtor and Final Decree ("Bankruptcy Discharge") (Ex. B) are "matters of public record" that are "not subject to reasonable dispute" under Fed. R. Evid. 201(b). *See* Fed R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted). But, the court DENIES Defendant's Supplemental Request for Judicial Notice (Dkt. No. 22) ("Supplemental RJN") because Plaintiff "did not refer to this document [Ex. C], and the document did not form the basis of any claims" in his complaint. *See Khoja*, 899 F.3d at 1005.

references to "post-discharge" credit pulls. *See id.* The court, thus, will rule on Capital One's Motion to Dismiss as if Plaintiff had pled the credit pulls occurred prior to the Bankruptcy Court's entering the Bankruptcy Discharge.

In November 2018, Plaintiff filed this action seeking class certification, actual damages, statutory damages, injunctive relief, costs of litigation, and reasonable attorneys' fees for Capital One's alleged willful violations of the FCRA, and for Capital One causing him "mental anguish and emotional distress." Compl. ¶¶ 23, 39.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a party may seek dismissal of a suit for lack of subject matter jurisdiction. A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction and may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citation omitted). When a defendant brings a facial challenge, as in this case, defendant claims that the allegations in a complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039; *see also* Def.'s Mot. to Dismiss at 4. "In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor." *Robertson v. Republic of Nicar.*, 2017 WL 2730177, at *2 (N.D. Cal. June 26, 2017) (citing *Wolfe v. Strankman*, 392 F.3d at 362).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may seek dismissal of a suit for failure to state a claim upon which relief can be granted. A court must "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). A court may dismiss a complaint on a Rule 12(b)(6) motion "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 2019 WL 4230098, at *3 (9th Cir. Sept. 6, 2019) (quoting *Balistreri v.*

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
3

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Defeating a motion to dismiss requires that the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the court may "consider[ ]" "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (quotations omitted). However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted). To incorporate a document that is referenced, but not attached to a complaint, the complaint must describe the document's "contents," and the document must be "integral" to the complaint. *Tunac*, 897 F.3d at 1207 n.8 (citing *Coto Settlement*, 593 F.3d at 1038).

### C. FCRA

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Plaintiff alleges that Capital One violated Section 1681b(f) of the FCRA, which "prohibits an entity from obtaining a consumer credit report for any purpose other than those enumerated in section 1681b." *Adler v. DirecTV, LLC*, 2018 WL 6981838, at *7 (C.D. Cal. Oct. 24, 2018) (citing 15 U.S.C. § 1681b(f)(1)); *see also* Compl. ¶ 29-31. Section 1681b(a)(3) allows a credit reporting agency to provide a consumer credit report to a person whom the agency "has reason to believe" satisfies at least one of seven criteria. 15 U.S.C. § 1681b(a)(3). In relevant part, Plaintiff cites the following statutory language in his complaint:

> (a) In General. – *** [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other: ***
> (3) To a person which it has reason to believe –
>     (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; ***
>     (F) otherwise has a legitimate business need for the information
>         (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

Compl. ¶ 31 (citing 15 U.S.C. § 1681b(a)(3)).

Section 1681n imposes civil liability for willful noncompliance with the FCRA. 15 U.S.C. § 1681n; *see also Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273 (9th Cir. 1990) ("Sections 1681n and 1681*o* [sic], respectively, make consumer reporting agencies and users liable for willful or negligent noncompliance with 'any requirement imposed' under the Act."). Section 1681n(b), in particular, provides: "Any person who obtains a consumer report from a consumer reporting agency *under false pretenses or knowingly without a permissible purpose* shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater." 15 U.S.C. § 1681n(b) (emphasis added). Plaintiff claims that Capital One is liable for "knowing and willful violations of the FCRA" by accessing Plaintiff's consumer credit report with "actual knowledge" that it lacked a permissible purpose. Compl. ¶¶ 34-36.

### III. DISCUSSION

Article III of the Constitution provides that federal courts only have jurisdiction over "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). "The doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore*, 495 U.S. at 155.

Plaintiff has the burden of showing that he has Article III standing to sue in federal court. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish Article III standing to sue, Plaintiff must satisfy three elements – the "irreducible constitutional minimum of standing."

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
5

*Lujan*, 504 U.S. at 560.  First, Plaintiff must demonstrate that he "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citation and quotations omitted).  With respect to (a), "concrete" means that the injury, whether tangible or intangible, "actually exist[s]." *Spokeo*, 136 S. Ct. at 1548-49; *see In re Verifone, Inc.*, 2018 WL 3532761, at *4 (N.D. Cal. July 23, 2018).  With respect to the FCRA, "[a] plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (citing *Spokeo*, 136 S. Ct. at 1549) (quotations omitted).  "Particularized" means that the injury has harmed the plaintiff "in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (citation and quotations omitted).  Second, a plaintiff must demonstrate that the injury-in-fact "is fairly traceable" to defendant's alleged conduct.  *Id.* at 1547.  Third, a plaintiff must show that the injury-in-fact "is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61).

At the pleading stage, as is the case here, a plaintiff "must 'clearly . . . allege facts demonstrating' each element" of standing.  *Spokeo*, 136 S. Ct. at 1547 (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  If a plaintiff does not have Article III standing to sue, then the court must dismiss plaintiff's suit for lack of subject matter jurisdiction.  *Robertson*, 2017 WL 2730177, at *2 (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).

Here, Plaintiff does not adequately allege a concrete injury to satisfy the "injury-in-fact" requirement of standing.  Plaintiff claims he has suffered "and will continue to suffer" from mental anguish and emotional distress due to Capital One's alleged "impermissible account reviews and credit pulls."  Compl. ¶¶ 39-40.  Both parties acknowledge that the credit checks at issue are "soft pulls."  *See* Pl.'s Opp'n at 2 n.3; *see also* Def.'s Mot. to Dismiss at 12.  But, Plaintiff does not adequately allege that Capital One's "soft pulls" caused him a concrete injury in any way.  A "soft pull" does not impact a consumer's credit score and is not visible to third parties, whereas a "hard pull" can affect a consumer's credit score and is visible to third parties.  *Adler*, 2018 WL 6981838, at *1; *Banga v. First USA, N.A.*, 29 F. Supp. 3d 1270, 1274 n.2 (N.D. Cal. 2014); *see also Duncan*

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
6

*v. JPMorgan Chase Bank, N.A.*, 2016 WL 4419472, at *10 (W.D. Tex. May 24, 2016). Plaintiff does not claim the "soft pull" inquiries impacted his credit score or that Capital One shared his private personal and financial information in the credit reports with a third party. *See Bultemeyer v. CenturyLink, Inc.*, 2017 WL 634516, at *2 (D. Ariz. Feb. 15, 2017).

Instead, Plaintiff claims that he has standing because Capital One's actions "violate[] the privacy interests recognized by the FCRA and amount[ ] to a concrete injury as opposed to a bare procedural violation." Pl.'s Opp'n at 8. Plaintiff cites opinions from the Ninth Circuit and the Central District of California for support, but these cases are factually distinguishable. *See id.* at 7-8.

In *Adler*, a court in the Central District of California found that plaintiff had standing because he satisfied the "injury-in-fact" requirement. 2018 WL 6981838, at *4. DirecTV allegedly performed "hard pull" inquiries of plaintiff's consumer credit report although the parties had no "preexisting relationship" and plaintiff did not "initiate" a transaction that would prompt the "hard pull" inquiries. *Id.* at *1, *4. Plaintiff alleges that the "hard pull" inquiries "caused him to suffer diminished credit scores, shock and embarrassment, and invasion of privacy." *Id.* at *2. The court found that "[a] credit injury that exceeds the scope of section 1681b(a)(3)," which is at issue in this case, "invades a consumer's right to privacy and results in concrete harm sufficient for Article III standing." *Id.* at *4. The court concluded that DirecTV's alleged "hard pull" inquiries "violate[d] the privacy interests recognized by the FCRA and amount[ed] to a concrete injury as opposed to a bare procedural violation." *Id.* But, here, Plaintiff does not allege that Capital One performed "hard pull" inquiries that negatively impacted—or impacted whatsoever—his credit score. *See id.* at *2. The concrete harm in *Adler* is lacking here. *See id.*

*In re Zappos.com, Inc.* is inapposite. There, the Ninth Circuit held that plaintiffs, who alleged that Zappos.com placed them at risk of identity theft following a data breach, adequately pled standing. 888 F.3d 1020, 1022-23 (9th Cir. 2018). In contrast, here, Plaintiff has not pled that the private personal and financial information in his credit report is at any risk of data theft due to Capital One's "soft pull" inquiries. *See id.*

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
7

*Vanamann v. Nationstar Mortg., LLC* is also distinguishable. The Ninth Circuit held that plaintiff, who alleged that a mortgage servicer violated the FCRA by viewing her credit reports several times after a bankruptcy court entered a discharge order, had standing. 735 F. App'x. 260, 261 (9th Cir. 2018). Plaintiff alleged that the mortgage servicer's conduct caused her severe emotional distress. *Id.* However, unlike in *Vanamann*, where the mortgage servicer allegedly accessed plaintiff's consumer credit reports post-discharge, Capital One allegedly accessed plaintiff's consumer credit reports prior to discharge, while Plaintiff's Bankruptcy Petition was pending. *See id.*; *see also* Pl.'s Opp'n at 6-7 n.7; RJN, Ex. B. Thus, Plaintiff's reliance on these cases is misplaced because the cases do not support Plaintiff's position that he has sufficiently pled the "injury-in-fact" requirement of standing.

Instead, the court finds persuasive the reasoning in *Oneal v. First Tennessee Bank*, a decision from the Eastern District of Tennessee. *See* 2018 WL 1352519 (E.D. Tenn. March 15, 2018). In *Oneal*, the court found that plaintiff, who alleged that defendant's "soft-pull" inquiry caused him an invasion of privacy, mental anguish, and emotional distress, did not satisfy the "injury-in-fact" requirement of standing. *Id.* at *2-3, *6. The court concluded that "an alleged invasion of privacy resulting from an improper credit inquiry, without more, does not constitute a concrete injury in fact." *Id.* at *9. The court reasoned that "[a]bsent an allegation that defendant used or disseminated his credit report in any harmful way—or otherwise exposed this information to a substantial risk of access by others—plaintiff has alleged an injury that is merely abstract." *Id.* (citing *Spokeo*, 136 S. Ct. at 1548) (quotations omitted).

Similarly, in *Bultemeyer v. CenturyLink, Inc.*, a district court in this circuit concluded that plaintiff, who alleged that defendant violated the FCRA by conducting a credit inquiry of plaintiff's consumer credit report without a permissible purpose, lacked standing. 2017 WL 634516, at *1, *4. Also, as Capital One argues, "'[m]any district courts' in the Ninth Circuit have similarly 'dismissed [various] FCRA claims that are based on bare procedural violations.'" Def.'s Mot. to Dismiss at 9-10 (citing *Williams v. Nichols Demos, Inc.*, 2018 WL 3046507, at *4 (N.D. Cal. June 20, 2018)) (dismissing plaintiff's claim that defendants violated the "stand alone"

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
8

requirement of FCRA by including a disclosure and authorization for a background investigation in defendant's employment application); *Bercut v. Michaels Stores Inc.*, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (stating that "actual confusion or some other non-procedural harm must be alleged to create an Article III controversy"); *Benton v. Clarity Servs., Inc.*, 2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) (finding allegation that defendant did not disclose source of information in violation of Section 1681g constituted a bare procedural violation, and was inadequate to establish standing); *Lee v. Hertz Corp.*, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016) (finding allegation that disclosure form contained "extraneous" information was insufficient to demonstrate standing).

Here, Plaintiff has not sufficiently pled that he suffered an "injury-in-fact." In *Oneal* and *Bultemeyer*, plaintiffs did not adequately plead a concrete injury because they neither alleged that defendants' credit inquiries impacted their credit scores nor that defendants disclosed private personal and financial information in the credit reports with third parties. *See Oneal*, 2018 WL 1352519, at *6, *9; *see also Bultemeyer*, 2017 WL 634516, at *1-2, *4. Plaintiff likewise fails to sufficiently plead that Capital One's "soft pulls," which are not visible to third parties and do not affect a consumer's credit score, caused him a concrete injury. *See id.*; *see also Spokeo*, 136 S. Ct. at 1548-49. Because Plaintiff has alleged only "a bare procedural violation of the FCRA, divorced from any concrete harm," Plaintiff does not fulfill the "injury-in-fact" requirement of standing. *See Syed*, 853 F.3d at 499 (citing *Spokeo*, 136 S. Ct. at 1549) (quotations omitted). Therefore, this court dismisses Plaintiff's claim for lack of subject matter jurisdiction and GRANTS Defendant's motion WITH LEAVE TO AMEND.

## IV. ORDER

For the reasons set forth above, Defendant's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is GRANTED. Because the court has dismissed Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1), it need not reach Defendant's challenges under Rule 12(b)(6).

All claims in the complaint are DISMISSED WITH LEAVE TO AMEND. Plaintiff has

Case No.: 5:18-cv-06466-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
9

two weeks from the filing date of this order to amend his complaint.

**IT IS SO ORDERED.**

Dated: September 24, 2019

_____
EDWARD J. DAVILA
United States District Judge